## DAVID STOTT FLOUR MILLS v. RICHARDSON.

(District Court, E. D. Pennsylvania. June 11, 1925.)

No. 7774.

1. **Evidence** ⬤⟞179(2)—Copy admissible, on adversary, having original and called on to produce it, failing to do so.

Original instrument being admissible, and adversary, having possession of it and called on to produce it, failing to do so, copy is admissible.

2. **Evidence** ⬤⟞237—Report of person to whom question referred, with agreement to rest on decision, admissible as admission.

Report of chemist to whom parties to sale of flour referred the disputed question of its having been bleached, with agreement to rest on his decision, is admissible as an admission by the party against whom decision is made, tending to establish the fact as decided.

Action by the David Stott Flour Mills against William M. Richardson, trading as Richardson Bros. On defendant's motion for a new trial. Motion denied.

Dickson, Beitler & McCouch and Raymond K. Denworth, all of Philadelphia, Pa., for plaintiff.

Lewis, Adler & Laws and Francis S. Laws, all of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The plaintiff sued for breach of contract for the purchase by the defendant of 2,000 barrels of Princess Kansas hard wheat baker's patent 95 per cent. flour at $12.50 per barrel. The defendant refused to accept 800 barrels of the flour, claiming that it was bleached, and therefore not in accordance with the contract, and not merchantable in the state of Pennsylvania; the sale of bleached flour being prohibited by statute. In order to show the plaintiff's compliance with the contract, and that the flour was not bleached, the plaintiff called Arthur Stott, its assistant manager, who testified that, after the defendant had written, claiming that the flour was not in accordance with the contract, he came to Philadelphia from Detroit, and in a conversation with Mr. Richardson and Mr. Rogers, manager of the defendant's flour department, he offered to submit the flour for examination by a chemist and to rest on his decision, and that was agreed to; that Mr. Rogers had the secretary of the Commercial Exchange, of which the firm of Richardson Bros. was a member, have samples officially drawn by one of the inspectors of the Exchange and sent to a laboratory for analysis; that it was agreed that Dr. Tybout, of the Tybout Laboratory, should do the analyzing. He further testified that Mr. Rogers informed him that he had received a report made by Dr. Tybout.

It appearing that the plaintiff had called upon the defendant for the production of Dr. Tybout's report, the defendant failed to produce it, and the plaintiff offered a carbon copy in evidence. This report set out that, upon tests of the samples for bleaching by nitrous oxide and chlorine, and having found them to react negatively to both tests, the writer of the report did not believe them to be bleached. Dr. Tybout, being called as a witness for the plaintiff, identified the paper as a carbon copy of his report. It was offered in evidence.

The defendant had called as a witness Dr. Carlitz, a chemist, who also did testing for the Commercial Exchange, and who had made a report to the defendant stating that he found the samples of the flour in question had been bleached by chlorine. He also testified to the same effect.

The copy of the report of Dr. Tybout was admitted in evidence, and the report of Dr. Carlitz excluded. The distinction between the circumstances surrounding the respective reports is that, as to the report of Dr. Tybout, there was the evidence of Mr. Rogers, from which the jury could find that Dr. Tybout had been engaged under an agreement that the parties would rest upon his decision, and that his report had been sent to and received by the defendant. Dr. Carlitz was employed by the defendant without the plaintiff's knowledge, and not under any agreement by the parties to be bound by his findings.

[1, 2] Mr. Rogers also testified that, after the report was received by Richardson Bros., they made no objection at that time to the flour as being bleached, but offered to purchase it for $8 a barrel. I am of the opinion that the copy was admissible upon failure of the defendant to produce the original, as an admission by one to whom there was evidence to show that authority was delegated by the defendant to speak for it upon that question of fact. See Wigmore on Evidence, §§ 1069 and 1070, cited by counsel for the plaintiff.

It is objected by counsel for the defendant that it was error to admit Dr. Tybout's report, because it is in the nature of an award by an arbitrator, and that the suit was based upon the contract of sale, and not upon the award. This argument fails to distinguish between an award and an admission, as pointed out by Professor Wigmore, by one acting by preappointment, where "the party may designate a person whose utterance he assents to beforehand as correct, and this utterance, when made, thus represents the party's own belief." Thus the vicarious admission of the person designated becomes evidence of a fact admitted by the defendant relevant in support of the plaintiff's case, not going to the entire right of the plaintiff to recover, but merely tending to establish one of the facts, denied by the defendant, on which the plaintiff's case rests.

It was apparent that the report by Dr. Tybout was considered of importance by the jury, and no doubt influenced their verdict, for, after the jurors had retired, they sent in a request to the court to send out to them the report of Dr. Carlitz, which was not done, because the report was not in evidence. It is only fair to the defendant, therefore, to say that, if there was error in the admis-

sion of the Tybout report, it was prejudicial error.

Being of the opinion that there was no error in the ruling upon the Tybout report, the motion for a new trial is denied.